UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>  Plaintiff(s),<br><br>v.<br><br>DANIEL SHAK,<br><br>  Defendant(s). | Case No. 2:22-cv-01258-GMN-NJK<br><br>**Order**<br><br>[Docket No. 34] |

Pending before the Court is Defendant's motion to stay discovery pending resolution of his motion to dismiss, which also includes an alternative request to extend discovery deadlines. Docket No. 34. The Court does not require a response. For the reasons discussed below, Defendant's motion to stay discovery is **DENIED** without prejudice and the motion to extend deadlines is **GRANTED** in part and **DENIED** in part.

**I.      VIOLATION OF THE LOCAL RULES**

The Court begins with the fact that Defendant seeks two distinct forms of relief within the same filing. Pursuant to the local rules, a separate document must be filed for each type of relief being sought. Local Rule IC 2-2(b). "This rule is not an exercise of pure formality." *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, 2017 U.S. Dist. Lexis 132101, at *2 (D. Nev. Aug. 18, 2018). "Among other underpinnings, the Rule seeks to ensure that distinct matters are presented with sufficient clarity and supporting argument to enable the fashioning of a ruling, particularly when the distinct issues are subject to varying standards." *Underwood v. O'Reilly Auto Enterps., LLC*, 202 WL 1184883, at *2 (D. Nev. Apr. 20, 2022). Counsel must comply with this rule (and all other governing rules) moving forward.

## II. MOTION TO STAY DISCOVERY

Defendant seeks to stay discovery pending resolution of his motion to dismiss. This aspect of the motion has a threshold issue that is not meaningfully addressed: the fact that discovery has been underway for months. Indeed, Defendant's expert disclosures are due in a matter of days and the discovery cutoff is set to expire in a few months. *See* Docket No. 34 at 5-6.[1] In such circumstances, case law makes clear that a late motion to stay discovery may not advance the goals of Rule 1 such that a stay of discovery is unwarranted. *See, e.g.*, *JoshCo Tech, LLC v. MJJ&L Holdings*, 2020 WL 8254262, *1-2 (D. Nev. Sept. 2, 2020). The motion to stay discovery does not address this issue, which bears significantly on the request being made.

## III. MOTION TO EXTEND DISCOVERY DEADLINES

Defendant seeks to extend discovery deadlines, including the imminent expert disclosure deadline, by 60 days. There are a number of problems with this request. First, Defendant has not complied with the requirements established in Local Rule 26-3. Second, Defendant's request is predicated in large measure on his assertion that Plaintiff has violated its discovery obligations. *See, e.g.*, Docket No. 34 at 10. Such an argument puts the cart before the horse since Defendant has not filed a motion to compel or otherwise obtained relief from the Court as to the purported discovery violations.[2] Third, it appears the motion is predicated in significant part on the fact that the settlement conference was unsuccessful and that Defendant may have delayed his discovery efforts during that process. *See* Docket No. 34 at 16 (representing that Defendant did not serve his written discovery requests until after the settlement conference proved unsuccessful). In advancing this reasoning, Defendant fails to address the well-established case law that engaging in settlement discussions or alternative dispute resolution is not generally good cause for a later request to extend discovery deadlines. *Williams v. James River Grp. Inc.*, ___ F. Supp. 3d ___,

---

[1] In obtaining the scheduling order more than five months ago, the parties represented that they "intend to immediately commence discovery and participate in discovery expeditiously" despite the pendency of the motion to dismiss. Docket No. 21 at 4.

[2] The Court does not resolve discovery disputes in the context of an extension request, so it does not opine herein on whether Plaintiff has in fact not complied with its discovery obligations. Such a dispute must be addressed in the meet-and-confer process and, to the extent truly necessary, then must be briefed in appropriate motion practice.

2

2022 WL 4181415, at *5 (D. Nev. Sept. 13, 2022) (collecting cases).  Fourth, it appears the motion takes a myopic view of the good cause analysis by focusing on only recent events even though the diligence required to establish good cause to modify the case management deadlines is judged based on the movant's conduct <u>throughout the entirety of the discovery period</u>.  *See Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal.1999)).  The Rule 26(f) conference in this case took place on November 17, 2022, Docket No. 21 at 2, at which time discovery could commence, Fed. R. Civ. P. 26(d)(1).  The showing of diligence must be made against the backdrop of the six months the parties have already had to engage in discovery.

Despite the above deficiencies, the papers represent that Plaintiff was willing to stipulate to a more modest extension of Defendant's upcoming expert disclosure deadline.  Docket No. 34-1 at ¶ 15.  As a <u>one-time courtesy</u>, the Court will extend the deadline for Defendant to provide his expert reports to May 26, 2023.  All other deadlines in the scheduling order remain unchanged.

## IV.   CONCLUSION

For the reasons discussed above, Defendant's motion to stay discovery is **DENIED** without prejudice and the motion to extend deadlines is **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

Dated: May 16, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

3