KAEMPFER CROWELL
Robert McCoy, No. 9121
Sihomara L. Graves, No. 13239
Briana Martinez, No. 14919
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rmccoy@kcnvlaw.com
Email: sgraves@kcnvlaw.com
Email: bmartinez@kcnvlaw.com

STROOCK & STROOCK & LAVAN LLP
Melvin A. Brosterman (*pro hac vice*)
David J. Kahne (*pro hac vice*)
Elizabeth Milburn (*pro hac vice*)
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006
Email: mbrosterman@stroock.com
Email: dkahne@stroock.com
Email: ecmilburn@stroock.com

Attorneys for Defendant Daniel L. Shak

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL SHAK, an individual,<br><br>Defendant. | Case No. 2:22-cv-01258-GMN-NJK<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** |

## I. INTRODUCTION

Defendant Daniel L. Shak opposes the Commodity Future and Exchange Commission's ("CFTC") Motion for Leave to File Supplemental Authority (ECF No. 43).

## II. ARGUMENT

As a threshold matter, there is no good cause to grant the CFTC's motion pursuant to Local Rule LR 7-2(g). That rule prohibits the CFTC from filing supplemental authorities without leave of the Court, granted for good cause. *See* LR 7-2(g) ("A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause."). Aside from being neither binding nor precedential, the United States District Court for the Northern District of Illinois' post-trial decision in a criminal case, *United States v. Smith*, No. 1:19-CR-00669, ECF No. 903 (N.D. Ill. Aug. 16, 2023) ("*Smith*"), is entirely irrelevant to the issue of whether the CFTC's Complaint should be dismissed under Rule 9(b) and 12(b)(6) in this civil enforcement action. Thus, the Motion should be denied because *Smith* has absolutely no bearing on Mr. Shak's motion to dismiss.

This Court's decision in *Smith v. Craig*, is instructive in this regard. No.: 2:19-cv-00824-GMN-EJY, 2020 WL 1065715 (D. Nev. Mar. 4, 2020) (Navarro, J.). There, the court denied defendant's motion for leave to file supplemental authority of a state court decision granting the plaintiff's Special Motion to Dismiss against different defendants pursuant to state court procedure. Despite the factual similarities in the two cases, the court found that "this state-court decision will not make a material difference to this Order." *Id.* at *4 n.3. Like here, the court reasoned that the state court decision "relied on the parties' submissions of evidence (or lack thereof) to make findings of fact and conclusions," while the court's focus for the pending motion to dismiss "*is limited to the pleadings since Defendant's challenge came only to the 'legal sufficiency' of the Complaint.*" *Id.* (emphasis added)*; see also Greer v. Freemantle Prods.*, 622 F. Supp. 3d 1010, 1015 (D. Nev. 2022),

*appeal dismissed sub nom. Greer v. Fremantle Prods*., No. 22-16318, 2022 WL 18862474 (9th Cir. Dec. 14, 2022) (denying motion for leave to file supplemental authorities because "the proffered supplemental authority does not control the outcome of the litigation and is not particularly persuasive or helpful").

Likewise, *Smith* is inapposite for purposes of determining the legal sufficiency of the CFTC's Complaint because *Smith* involved factual and legal questions following an extensive jury trial in the Northern District of Illinois. *See Smith* at 1. In *Smith*, a jury found defendants guilty of wire fraud affecting a financial institution, price manipulation commodities fraud, and spoofing. In deciding defendants' motion for acquittal, the court considered several "categories of evidence presented at trial," including (i) trading patterns, (ii) cooperator testimony, and (iii) expert testimony. *See id.* at 5. Nothing in the *Smith* decision discusses the sufficiency of the government's indictment under Rule 7(c) of the Federal Rules of Criminal Procedure (a far more lenient pleading standard than Civil Rule 12(b)(6)), let alone whether a complaint like the one in this case meets Rule 9(b) or 12(b)(6) pleading standards. The CFTC's blanket assertion that "the analysis for a motion to dismiss is similar to the analysis for a motion for acquittal" is therefore wholly unsupported. *See* Mot. at 3. This is to say nothing of the fact that *Smith* is inapplicable because the jury instructions in that case regarding the law on spoofing set out a different standard for spoofing than the Commodity Exchange Act.[1]

---

[1] The jury in *Smith* was instructed that spoofing has the following elements:

1. The defendant engaged in any trading, practice, or conduct, on and subject to the rules of CME Group's Commodities Exchange (that is, COMEX and NYMEX), that was spoofing; and
2. The defendant acted knowingly.

*See Smith* at 4 (quoting Court Set 2-Revised Jury Instructions at 58).

The Commodity Exchange Act provides that: "[i]t shall be unlawful for any person to engage in any trading, practice, or conduct on or subject to the rules of a registered entity that…is of the character

In any event, the CFTC's efforts to draw factual parallels between this case and *Smith* are also unpersuasive. The gravamen of Mr. Shak's Motion to Dismiss is that the CFTC's Complaint should be dismissed because the CFTC fails to plead the circumstances constituting alleged fraud with the particularity required under Rule 9(b) and for failure to sufficiently plead spoofing and price manipulation under 12(b)(6). *See* Mot. to Dismiss (ECF No. 5) at 1–3. The CFTC blanketly alleges that Mr. Shak "spoofed" and manipulated the gold and silver futures markets on over one thousand occasions over a three-year period with barely a single detail about the trades at issue, providing Mr. Shak without any notice of the details of the allegations against him. *See* Compl. (ECF No. 1). Yet, the CFTC's own guidance documents and well-settled 9(b) case law require more than general allegations of intent to allege spoofing (*see* Mot. to Dismiss (ECF No. 5) at 20; Reply (ECF No. 17) at 1). The CFTC's Complaint does not come close to alleging an intent to spoof, let alone the same indicia of fraud present in *Smith* (or the underlying indictment for that matter).

The *Smith* indictment placed the defendants sufficiently on notice of the crimes they were charged with by alleging a far-reaching, eight year racketeering scheme between 7 individuals working in JP Morgan's precious metals group to buy and sell precious metals futures contracts with the intent to cancel them before execution. Unlike the Complaint filed against Mr. Shak, the indictment included electronic chats and emails between the defendants and other co-conspirators evidencing the underlying deceptive scheme and defendants' intent to cancel orders, in addition to defendants' pattern of trading. *See United States v. Smith*, Case No. 1:19-cr-00669, ECF No. 448 (N.D. Ill. Nov. 16, 2021). Setting aside that the standard for granting a motion to dismiss is far different than the standard for granting an acquittal, the trial evidence in *Smith* was also far more

---

of, or is commonly known to the trade as, 'spoofing' (bidding or offering with the intent to cancel the bid or offer before execution)." 7 U.S.C. § 6c(a)(5)(C).

substantial in establishing defendants' intent to spoof. The evidence showed (i) defendants' "deceptive orders stayed open for only an average of two seconds," (*Smith* at 6), (ii) use of algorithmic trading (*Smith* at 6–7), and (iii) "highly probative" cooperator testimony that corroborated the underlying trading and demonstrated that others engaged in defendants' scheme (*Smith* at 7–8). The larger spoofing conspiracy charged in *Smith* involved a group of traders who taught their spoofing to others, lied to JPMorgan, the CME and the CFTC about their trading strategy and had a clear profit motive outlined by cooperators. There is no question that the superseding indictment in *Smith* provided the requisite notice—the "who, what, where, when and how" of the defendants coordinated scheme.

By sharp contrast, the CFTC provides seven cherry-picked "examples" among millions of trades placed by Mr. Shak during the five year time period and asks the Court to assume that the undisclosed trades referenced share the same pattern. There are none of the same markers of unlawful spoofing present here. There are no co-conspirators, there are no allegations that Mr. Shak used automatic trading systems, there is no direct evidence of spoofing, there are no allegations that Mr. Shak even profited from the alleged spoofing or disrupted the market, there are no contemporaneous emails or text messages about the alleged spoofing among co-conspirators, and Mr. Shak's orders were resting for 11.8 seconds (an eternity for trades to be outstanding in the gold and silver COMEX markets). Without any circumstantial or direct evidence, the CFTC's Complaint resorts to pleading fraud by example and formulaic recitations about Mr. Shak's state of mind, stating that "he must have been aware" that he was sending false signals since "[t]he risk that his Spoof Orders could mislead other market participants into believing there was genuine supply or demand was so obvious." *See* Mot. to Dismiss (ECF No. 5) at 21; *see also* Compl. (ECF No. 1) ¶ 46. All that the CFTC's example pleading shows is a pattern of bona fide trading and cancelations that are being improperly used to attempt to revoke Mr. Shak's trading license. Perhaps recognizing these

pleading deficiencies, the CFTC makes a last-ditch effort to rely on a post-trial criminal case that only serves to highlight the CFTC Complaint's barebones allegations.

## III. CONCLUSION

For these reasons, the Court should deny the CFTC's motion.

KAEMPFER CROWELL

Robert McCoy, No. 9121
Sihomara L. Graves, No. 13239
Briana Martinez, No. 14919
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

STROOCK & STROOCK & LAVAN LLP
Melvin A. Brosterman (*pro hac vice*)
David J. Kahne (*pro hac vice*)
Elizabeth Milburn (*pro hac vice*)
180 Maiden Lane
New York, New York 10038

Attorneys for Defendant Daniel L. Shak

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of Kaempfer Crowell and I certify that service of the **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** was made on today's date by submitting electronically for filing and service with the United States District Court for the District of Nevada through the PACER Electronic Filing System to the addressee(s) shown below:

James H. Holl, III, CA Bar No. 177885
Brian A. Hunt, NY Bar No. 5260534
COMMODITY FUTURES
TRADING COMMISSION
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
jholl@cftc.gov
bhunt@cftc.gov

Attorneys for Plaintiff Commodity Futures
Trading Commission

DATED September 1, 2023

Desiree Endres
An employee of Kaempfer Crowell